No. 25,043.

L. LAWSON, *Appellant*, v. H. BROKMANN, *Appellee.*

SYLLABUS BY THE COURT.

ATTACHMENT—*Motion to Dissolve Attachment Sustained.* The ruling of the trial court in dissolving an attachment upon conflicting affidavits is sustained.

Appeal from Douglas district court; HUGH MEANS, judge. Opinion filed October 6, 1923. Affirmed.

*John J. Riling,* and *Edward T. Riling,* both of Lawrence, for the appellant.
*F. B. Dodds,* of Lawrence, for the appellee.

The opinion of the court was delivered by

MASON, J.:   This is an appeal from the dissolution of an attachment levied upon personal property of the defendant under a writ issued April 5, 1923. An attachment order in the same case was levied in January, 1923. The district court dissolved that attachment and the plaintiff appealed from that ruling. On March 9 this court sustained an application of the defendant for an increase in the amount of the attachment bond, but no new security was given and the appeal was dismissed April 4 for want of prosecution.

The general grounds set up in the two affidavits for attachment were the same and the dissolution of the first attachment is of course a bar to the sustaining of the second except for matters taking place subsequent to the issuance of the first attachment order. This leaves for consideration only the allegation that the defendant was about to dispose of his property with intent to defraud, hinder and delay his creditors. On the hearing of the motion to dissolve the second attachment evidence was introduced of the defendant having sold some hogs in March, 1923, under such circumstances as to give room for a possible inference of a purpose to hinder the collection of the plaintiff's claim, but the evidence was in part contradicted outright and in part explained, so that the question was one of credibility of witnesses. No oral testimony appears to have been given, so that the decision of the trial court on the facts is subject to review, but we find nothing in the record to justify its reversal.

The judgment is affirmed.